## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBERLY A. CRUZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No: |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| CITY OF DOVER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

### INTRODUCTION

1. Plaintiff, Kimberly A. Cruz ("Plaintiff"), files this action against Defendant, City of Dover ("Defendant"), for damages for *inter alia*, violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq.*, the Delaware Persons with Disabilities Employment Protection Act, 19 Del. C. § 720, *et. seq.*, the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, Title VII of the Civil Rights Act of 1964, the Delaware Discrimination in Employment Act, and Breach of the Implied Covenant of Good Faith and Fair Dealing.

### NATURE OF THE ACTION

2. Plaintiff began her employment for Defendant in September of 2018 as Assistant Controller/Treasurer and was terminated on June 10, 2020.

3. Defendant engaged in disability discrimination and wrongfully discriminated against Plaintiff by virtue of her disability in violation of the Americans with Disabilities Act of 1990 and the Delaware Persons with Disabilities Employment Protections Act.

4. Defendant engaged in race discrimination and wrongfully discriminated against Plaintiff by virtue of her race in violation of Title VII of the Civil Rights Act of 1964 and the Delaware Discrimination in Employment Act.

5. Defendant interfered with Plaintiff's ability to obtain protected medical leave, in violation of the Family Medical Leave Act ("FMLA") of 1993, as amended, 29 U.S.C. § 2601 *et seq*.

6. Defendant breached the implied covenant of good faith and fair dealing which, under Delaware law, inheres in every contract.

## JURISDICTION

7. This Court has federal question jurisdiction over this cause of action pursuant to 28 U.S. Code § 1331.

8. This Court has supplemental jurisdiction over all state causes of action pursuant to 28 U.S.C. §1367 and 19 *Del. C.* § 1704.

9. Venue is proper in this district pursuant to 29 U.S.C. § 1331, as well as 28 U.S.C. § 1391(b).

## PARTIES

10. Plaintiff, Kimberly A. Cruz, ("Plaintiff), is a resident of Seaford, Sussex County, Delaware. At all times relevant to this Complaint, Plaintiff was an employee of Defendant.

11. Defendant, City of Dover, ("City"), is a municipal government existing and operating under the laws of the State of Delaware.

## ADMINISTRATIVE PROCESS

12. On January 6, 2021, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") and simultaneously with the Equal Employment

Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against the City of Dover.

13. On March 28, 2022, Plaintiff received a "Notice of Right to Sue" from the DDOL. *See Exhibit A*.

14. On May 26, 2022, Plaintiff received a "Notice of Right to Sue" from the EEOC. *See Exhibit B*.

15. Plaintiff has filed this action within ninety (90) days after receipt of her Right to Sue Notice from the DDOL and EEOC.

16. Plaintiff has satisfied all statutory prerequisites prior to filing this action against Defendant.

## FACTS

17. As a result of the onset of the COVID-19 Pandemic, Governor Carney declared a State of Emergency for the State of Delaware to become effective as of March 13, 2020.

18. The State of Emergency for the State of Delaware remained in effect until it was terminated on July 12, 2021.

19. On March 19, 2020, Donna Mitchell, City Manager for the City of Dover, issued a memorandum outlining the City's "Continuity of Governmental Plan – COVID-19" (hereinafter "the Plan"), which authorized employees to work from home where possible.

20. On March 22, 2020, the Plan went into effect for all employees for the City of Dover.

21. On Tuesday, March 24, 2020, at 8:00 a.m., Governor Carney's fourth and fifth modifications to the State of Emergency declaration went into effect, ordering Delawareans to stay at home whenever possible and closing all non-essential businesses in Delaware.

22. From March 22, 2020, through May 21, 2020, Plaintiff performed all of the essential functions of her position while working remotely.

23. On May 21, 2020, Plaintiff spoke with Ms. Lori Peddicord regarding Defendant's plan to re-open on May 26, 2020. On this call, Ms. Peddicord candidly advised that the Finance Team did not report to the City Manager and therefore, she intended to allow the Finance Team to continue working remotely.

24. Plaintiff expressed to Ms. Peddicord her concerns with returning to the office due to her underlying disabilities.

25. Pursuant to her communications with Ms. Peddicord, it was Plaintiff's understanding that she could continue working from home on May 26, 2020.

26. On May 26, 2020, Plaintiff used a flex day off.

27. On May 27, 2020, Plaintiff was informed her department had returned to the office.

28. Plaintiff immediately notified Ms. Peddicord that she had been advised by her healthcare provider to continue working from home as a result of her underlying disabilities.

29. On May 28, 2020, Plaintiff provided Ms. Peddicord with a doctor's note indicating Plaintiff would need to continue working remotely due to her diagnosed disabilities of seasonal affective disorder, fibromyalgia, a thyroid condition, and anxiety.

30. On May 29, 2020, Plaintiff took the annual oath of appointment remotely.

31. In or around June of 2020, Governor Carney issued a reopening plan for the State.

32. Pursuant to Phase 1 of Governor Carney's reopening plan, all vulnerable individuals should continue to shelter in place.

33. On June 4, 2020, Ms. Peddicord requested additional information from Plaintiff's doctor to be returned by June 8, 2020.

34. On June 5, 2020, Plaintiff contacted Human Resources and Ms. Peddicord to request Family Medical Leave Act ("FMLA") paperwork.

35. On June 8, 2020, Plaintiff received the FMLA paperwork.

36. Defendant was aware of Plaintiff's intent to take FMLA leave.

37. On June 9, 2020, at the direction of her healthcare provider, Bethany Berger, CRNP, Plaintiff provided Defendant with contact information for Ms. Berger to further discuss Plaintiff's restrictions with returning to the office.

38. On the same day, Defendant sent Plaintiff correspondence instructing her to report to the office on Wednesday, June 10, 2020, or appropriate action to terminate her employment would be taken.

39. Plaintiff was unaware of the contents of the letter until the afternoon of June 10, 2020. As a result, on June 10, 2020, Plaintiff continued working remotely.

40. Upon review of the termination letter dated June 9, 2020, it was Plaintiff's understanding and belief that Defendant had moved for her termination in accordance with the language of the termination letter.

41. Plaintiff immediately contacted Kim Hawkins and Donna Mitchell, but they failed to respond.

42. In an effort to preserve her reputation, Plaintiff submitted a request for resignation to Ms. Peddicord.

43. After further discussions with Defendant, Plaintiff rescinded her resignation.

44. Defendant accepted Plaintiff's rescinded resignation.

45. Nevertheless, Plaintiff's termination became effective on or about July 15, 2020.

46. Between May 27, 2020, and June 10, 2020, Plaintiff had continued to report to work remotely and fulfilled all essential functions of her positions, including completing payroll.

47. Plaintiff never received any complaints about her work performance.

48. As a result of her termination, Plaintiff's disabilities were exacerbated.

49. In addition, as a result of her termination, Plaintiff began experiencing heart palpitations and anxiety attacks.

50. Plaintiff contacted her doctor and was placed on anxiety medication as a result of her increased symptoms.

## CLAIMS AND DAMAGES

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendant:

### COUNT I
**Failure to Accommodate in Violation of the Americans with Disabilities Act of 1990, 42 U.S.C § 12101 *et seq.* and the Delaware Persons with Disabilities Employment Protection Act, 19 Del. C. § 720, *et. seq.*,**

51. The allegations of Paragraphs 1 through 50 are fully incorporated by reference as if fully restated herein.

52. Defendant employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 12111(5).

53. At all times relevant hereto, Plaintiff was employed by Defendant and is an "Employee" as defined by 42 U.S.C. § 12111(4).

54. Plaintiff received a Right to Sue letter from the DDOL on March 28, 2022, and a Right to Sue letter from the EEOC on May 26, 2022. Plaintiff has satisfied all statutory prerequisites for filing this action.

55. Plaintiff suffers from seasonal affective disorder, fibromyalgia, a thyroid condition, and anxiety which constitute disabilities as defined by 42 U.S.C. § 12102.

56. In or around May 21, 2020, Plaintiff expressed her concerns with returning to the office as a result of her medical conditions and disabilities which places her at higher risk of severe complications if she were to become infected with COVID-19 and advised she would need to continue working from home.

57. On May 27, 2020, Plaintiff provided Ms. Peddicord with a doctor's note stating she was advised to continue working from home.

58. On Thursday, June 4, 2020, Plaintiff was informed that her doctor's note was too open-ended, and she would need to return to the office on Monday, June 8, 2020. Plaintiff immediately followed up with her doctor's office.

59. On Tuesday, June 9, 2020, Plaintiff provided her supervisor Ms. Peddicord with Ms. Berger's contact information to further discuss Plaintiff's need to work remotely.

60. On Tuesday, June 9, 2020, Plaintiff was issued a termination letter.

61. On Wednesday, June 10, 2020, Plaintiff was effectively terminated when she did not report to the office.

62. Defendant failed to engage in any discussions with Plaintiff regarding her accommodation requests.

63. Defendant was required to initiate the interactive process with Plaintiff to identify the limitations resulting from her disability and potential reasonable accommodation that could overcome those limitations.

64. Defendant failed to state an undue hardship it would have suffered by providing Plaintiff with her requested reasonable accommodations.

65. Defendant engaged in an adverse employment action against Plaintiff by terminating her because of her disabilities.

66. Plaintiff has suffered damages as a result of Defendant's unlawful discriminatory actions, including past and future lost wages and benefits, and emotional distress, as well as the costs of bringing this action.

## COUNT II
### Retaliation in Violation of the Americans with Disabilities Act of 1990, 42 U.S.C § 12101 *et seq.* and the Delaware Persons with Disabilities Employment Protection Act, 19 Del. C. § 720, *et. seq.*,

67. The allegations of Paragraphs 1 through 66 are incorporated by reference as if fully restated herein.

68. Plaintiff initially engaged in a protected activity on May 27, 2020, when she requested a reasonable accommodation to continue working remotely as a result of her disabilities.

69. Plaintiff reiterated her reasonable accommodation request several times following her initial request.

70. Plaintiff provided contact information for her healthcare provider and authorized her provider to speak with Defendant regarding her need for an accommodation to continue working remotely.

71. Upon information and belief, Defendant did not contact Plaintiff's healthcare provider.

72. Plaintiff was terminated for engaging in protected activity of requesting a reasonable accommodation for her disabilities.

73. Plaintiff suffered damages including past and future lost wages and benefits, emotional distress, as well as the costs of bringing this action as a result of her termination.

## COUNT III
**Violations of the Family Medical Leave Act**, **29 U.S.C. § 2601** *et seq*.

74. The allegations of Paragraphs 1 through 73 are incorporated by reference as if fully restated herein.

75. Defendant employs fifty or more employees and is an "Employer" as defined by 29 U.S.C. § 2611(4).

76. At all times relevant hereto, Plaintiff was employed by Defendant and is an "Eligible Employee" as defined by 29 U.S.C. § 2611(2).

77. Plaintiff was employed by Defendant for at least 12 months.

78. Plaintiff worked for at least 1,250 hours during the 12-month period before her need for leave.

79. "Leave" under the Act shall be granted to a qualified employee for any of the following reasons "…(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

80. A "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves … (B) continuing treatment by a health care provider. 29 U.S.C. § 2611(11).

81. Plaintiff suffered a serious health condition by way of her seasonal affective disorder, fibromyalgia, thyroid condition, and anxiety, which made her unable to work physically in the office.

82. Eligible employees shall be entitled to a total of twelve workweeks of leave during any 12-month period. 29 U.S.C. § 2612(a)(1).

83. It is "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by" the FMLA, and it is "unlawful

9

for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" under the FMLA. § 2615(a).

84. Due to the fact Defendant refused to grant or discuss Plaintiff's reasonable accommodation of telework, Plaintiff needed leave pursuant to the FMLA.

85. Plaintiff discussed her underlying medical conditions and her concerns with returning to the office with Ms. Peddicord on May 21, 2020.

86. Plaintiff requested FMLA paperwork on Friday, June 5, 2020.

87. Plaintiff received FMLA paperwork on Tuesday, June 8, 2020.

88. Defendant interfered with Plaintiff's right to leave under the FMLA by way of her termination on June 10, 2020.

89. Defendant has at all times herein, continuously and willfully, or with reckless disregard, violated, and continued to willfully, or with reckless disregard, violate the FMLA and applicable regulations.

90. As a result, Plaintiff has suffered economic damages.

## COUNT IV
**Discrimination Based on Race in Violation of Title VII of the Civil Rights Act of 1964 and the Delaware Discrimination in Employment Act, 19 *Del. C.* § 710, *et. seq*.**

91. The allegations of Paragraphs 1 through 90 are incorporated by reference as if fully restated herein.

92. Defendant employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 2000e(b).

93. Plaintiff received a Right to Sue letter from the DDOL on March 28, 2022, and a Right to Sue letter from the EEOC on May 26, 2022. Plaintiff has satisfied all statutory prerequisites for filing this action.

94. During Plaintiff's employment with Defendant, she was discriminated against in violation of Title VII and the Delaware Discrimination in Employment Act.

95. Title VII and the Delaware Discrimination in Employment Act ("DDEA") makes it unlawful to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;" 42 U.S.C. § 2000e(a)(1); 19 *Del. C.* § 711.

96. Plaintiff is a member of a protected class, by way of her race, of which Defendant was aware.

97. Plaintiff was qualified for the position of Assistant Controller/Treasurer which she held from September 2018 until her termination.

98. Plaintiff suffered an adverse employment action when Defendant terminated her employment on June 10, 2020.

99. Plaintiff was terminated because of her race and was thereby treated differently by Defendant because of her race.

100. Upon understanding and belief, Defendant permitted Caucasian employees to take extended leave, and did not afford the same opportunity to Plaintiff.

101. Mr. Timothy Taraila, a Caucasian male, was permitted to take leave without pay after exhausting his FMLA leave.

102. Mr. David Hugg, a Caucasian male, was approved for FMLA leave and was not discharged for FMLA related absences.

103. Defendant discriminated against Plaintiff of the basis of her race when they terminated Plaintiff as a result of the same or similar actions as those not within her protected class.

104. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, compensatory damages and the cost of bringing this action.

## COUNT V
**Breach of the Implied Covenant of Good Faith and Fair Dealing**

105. The allegations of Paragraphs 1 through 104 are incorporated by reference as if fully restated herein.

106. Every contract, whether oral or written, express or implied, has a covenant to the effect that neither party to the contract will do anything in bad faith to prevent the other party to the contract from enjoying the benefits of the contract. This is known as the implied covenant of good faith and fair dealing, and this covenant applies to the employment agreement between Plaintiff and Defendant.

107. Defendant breached this covenant by manufacturing a false reason for terminating Plaintiff's employment, namely stating Plaintiff failed to fulfill the essential functions of her position by working remotely.

108. Defendant alleges Plaintiff was required to report to the office as a result of her management status in order to "provide the necessary oversight and direction to staff."

109. Plaintiff's position was supervisory to only two other positions.

110. At the time of her termination, one of these positions was vacant and the other Plaintiff was able to maintain supervision virtually.

111. Defendant intentionally manufactured the reason for Plaintiff's termination.

112. Defendant additionally breached this covenant by terminating Plaintiff for requesting a reasonable accommodation as a result of her disabilities in violation of public policy.

113. Defendant's breach of the implied covenant of good faith and fair dealing has damaged Plaintiff, financially and professionally.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests this Court order the following relief in favor of Plaintiff:

A. Declare the conduct by Defendant to be in violation of Plaintiff's statutory rights and common law rights.

B. Awarding Plaintiff any and all consequential damages, including, but not limited to emotional distress damages, lost wages, salary, employment benefits, back pay, front pay, pre and post judgement interest, equity, liquidated damages, and any or all pecuniary damages.

C. Awarding Plaintiff all compensation due as a result of Defendant's violations herein.

D. Awarding Plaintiff emotional distress damages.

E. Awarding Plaintiff punitive damages.

F. Awarding Plaintiff an equal and additional amount as liquidated damages.

G. Awarding Plaintiff costs and reasonable attorney's fees.

H. Awarding Plaintiff pre and post judgment interest at the legal rate.

I. Any and all such other relief as the Court deems appropriate under the circumstances.

*{Signature Line on Following Page}*

|  |  |
|---|---|
|  | **ALLEN & ASSOCIATES** |
|  | */s/ Michele D. Allen* |
|  | Michele D. Allen (#4359) |
|  | Margaret W. Taviano (#6932) |
|  | 4250 Lancaster Pike, Suite 230 |
|  | Wilmington, DE 19805 |
|  | (302) 234-8600 |
|  | (302) 397-3930 (fax) |
|  | michele@allenlaborlaw.com |
|  | margaret@allenlaborlaw.com |
| Dated: June 8, 2022 | *Attorneys for Plaintiff* |